IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK04-84283 |
| | ) | A05-8060 |
| EARL BRICE EQUIPMENT, L.L.C., | ) | CH. 7 |
| | ) | |
| Debtor(s). | ) | Filings 85, 97, 98, 105, 107, 109, 111, 113 |
| FIRST NATIONAL BANK OF OMAHA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JAMES KILLIPS, Chapter 7 Trustee for | ) | |
| Earl Brice Equipment, L.L.C.; DOUGLAS | ) | |
| COUNTY, NEBRASKA; CATERPILLAR | ) | |
| FINANCIAL SERVICES CORPORATION; | ) | |
| and M & S GRADING, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| DEAN HIGHTREE, KIM QUICK, TOM | ) | |
| MERKSICK, CALVIN G. NEGUS, VIC J. | ) | |
| LECHTENBERG, and EUGENE LEA, as | ) | |
| Trustees of the Contractors, Laborers, | ) | |
| Teamsters & Engineers Health and Welfare | ) | |
| Plan; and the CONTRACTORS, | ) | |
| LABORERS, TEAMSTERS & ENGINEERS | ) | |
| PENSION PLAN, | ) | |
| | ) | |
| Intervenors-Defendants. | ) | |

ORDER

Hearing was held in Omaha, Nebraska, on May 4, 2006, regarding Filing No. 85, Motion to Dismiss, filed by Caterpillar Financial Services Corporation; Filing No. 97, Motion to Dismiss/Withdraw Document, filed by M&S Grading, Inc.; Filing No. 98, Motion to Dismiss/Withdraw Document, filed by First National Bank of Omaha; Filing No. 105, Resistance to Caterpillar Financial Services Corporation's Motion to Dismiss, filed by Intervenor-Defendants Contractors, Laborers, Teamster & Engineers Health and Welfare Plan and Contractors, Laborers, Teamsters & Engineers Pension Plan; Filing No. 107, Resistance to M&S Grading, Inc.'s Motion to Dismiss Amended Complaint of Intervenors or in the Alternative to Stay Proceedings, filed by Intervenor-Defendants Contractors, Laborers, Teamsters & Engineers Health and Welfare Plan and Contractors, Laborers, Teamsters & Engineers Pension Plan; Filing No. 109, Objection & Resistance to Motion to Dismiss Intervenors' Amended Complaint filed by Caterpillar Financial Services Corporation, filed by Defendant Douglas County, Nebraska; Filing No. 111, Resistance to First National Bank of Omaha's Motion to Dismiss the Amended Complaint in Intervention of Intervenors, filed by Intervenor-Defendants Contractors, Laborers, Teamsters & Engineers Health

and Welfare Plan and Contractors, Laborers, Teamsters & Engineers Pension Plan; and Filing No. 113, Objection and Resistance to Motions to Dismiss Intervenors' Amended Complaint Filed by First National Bank of Omaha, NA, filed by Douglas County, Nebraska.

Richard D. Myers and Robert Lepp appeared for First National Bank of Omaha; Jenna Taub appeared for the Chapter 11 Trustee of Earl Brice Equipment; James Thibodeau appeared for Douglas County, Nebraska;  Richard Garden, Jr. appeared for Caterpillar Financial Services Corporation; T. Randall Wright appeared for the Chapter 11 Trustee of M&S Grading, Inc;, Joseph Badami appeared for the Intervenors, and Jerry Jensen appeared for the U.S. Trustee.

First National Bank of Omaha ("FNB-O"), Caterpillar Financial Services Corporation ("Caterpillar"), and the Chapter 11 Trustee of the debtor, Earl Brice Equipment, L.L.C., have each filed motions to dismiss an amended complaint in intervention filed by Contractors, Laborers, Teamsters & Engineers Pension Plan and Contractors, Laborers, Teamsters & Engineers Health and Welfare Plan, and a number of individuals covered by both plans ("Intervenors").

The Intervenors are claimants in the Chapter 11 case of M&S Grading, Inc.  When operating, it was an earth-moving company and the individual intervenors were employees of that debtor.  They were employed by that debtor pursuant to a union contract which required that debtor to withhold certain amounts from the paychecks of each of the employees and pay those amounts over to either the pension plan or the health and welfare plan, or both.  That debtor regularly failed to deliver the funds which were shown on its books and records as having been withheld from the employees' paychecks.

M&S Grading, Inc. leased certain equipment from Earl Brice Equipment, Inc.  The debtor Earl Brice Equipment, Inc. had no employees and was operated by the same individuals that were the officers of M&S Grading, Inc.  The Intervenors do not hold claims against the estate of Earl Brice Equipment, Inc.

FNB-O and Caterpillar had liens on the equipment of Earl Brice Equipment, Inc.  During the pendency of the M&S Grading, Inc. case, adequate protection payments were paid from M&S Grading, Inc. to both FNB-O and Caterpillar, rather than funding the adequate protection payments through Earl Brice Equipment, Inc.  If corporate niceties would have been recognized, M&S Grading, Inc. would have paid lease payments to Earl Brice Equipment, Inc. and that entity would have made direct payments to FNB-O and Caterpillar.

Eventually, M&S Grading, Inc. ceased business.  The court granted relief from the automatic stay to FNB-O and Caterpillar to liquidate their collateral.  The equipment was sold and some of the proceeds were paid to FNB-O and Caterpillar, and perhaps some were paid on tax liabilities claimed by Douglas County, Nebraska.  The parties disputed their rights to some of the proceeds, and those proceeds are being held pending a resolution by the court through an adversary proceeding. FNB-O filed this adversary proceeding to obtain a final determination of the extent and validity of the liens claimed by FNB-O, Caterpillar and the County.

The Intervenors moved for authority to intervene, claiming a general interest in the proceeds of the sale of equipment on a trust fund theory.  The court permitted the intervention and the Intervenors filed a complaint and then an amended complaint.  The gist of the amended complaint is that M&S Grading, Inc. used funds withheld from the intervening individual plaintiffs' paychecks

to make adequate protection payments to FNB-O and Caterpillar, and that M&S Grading, Inc. overpaid adequate protection payments to those creditors. Since it is the position of the Intervenors that upon withholding funds from the employees' checks, a statutory trust is created for the benefit of the employees and the Plans, the Intervenors have a right to attempt to obtain financial recompense from FNB-O and Caterpillar.

It is the position of the movants that the Intervenors have absolutely no standing because the Intervenors are simply administrative claimants in the M&S Grading, Inc. case. Since that estate is represented by a trustee who is a party to this adversary proceeding and who is prosecuting the "excess adequate protection payments" claim, the Intervenors should not be allowed to participate in the adversary proceeding. That remedy is in the M&S Grading, Inc. case.

The case law supports the position of the moving parties. To proceed, the intervenors must establish a recognized interest in the subject matter of the litigation that might be impaired by the disposition of the case and will not be adequately protected by the existing parties. Curry v. Regents of the Univ. of Minn., 167 F.3d 420, 422 (8th Cir. 1999). An economic stake alone is insufficient to demonstrate a legally protectable interest. Id. (citing Greene v. United States, 996 F.2d 973, 976 (9th Cir. 1993)). The intervenors have not made such a showing. The intervenors must also establish a nexus between the withheld plan funds and property in which the intervenors claim an interest. Begier v. United States, 496 U.S. 53, 65-66 (1990); Chao v. Giuliano (In re Lexington Healthcare Group, Inc.), 335 B.R. 570 (Bankr. D. Del. 2005). The intervenors have not shown such a nexus.

Each of the motions to dismiss directed at the Intervenors is granted.

SO ORDERED.

DATED this 28th day of June 2006.

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
    *Richard D. Myers
    *Robert Lepp
    Jenna Taub
    James Thibodeau
    *Richard Garden, Jr.
    *T. Randall Wright
    Joseph Badami
    Jerry Jensen

Movant(*) is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.