IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| EARL BRICE EQUIPMENT, L.L.C., | ) | |
| | ) | CASE NO. BK04-84283 |
| Debtor(s). | ) | A05-8060 |
| FIRST NATIONAL BANK OF OMAHA, | ) | |
| | ) | |
| Plaintiff, | ) | CH. 7 |
| | ) | |
| vs. | ) | |
| | ) | |
| JAMES KILLIPS, Trustee; DOUGLAS COUNTY, NEBRASKA; CATERPILLAR FINANCIAL SERVICES CORPORATION; and M & S GRADING, INC., | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

ORDER

  Hearing was held in Omaha, Nebraska, on September 24, 2007, on Douglas County's motion to amend its response to a request for admission (Fil. #182) and joint resistance by First National Bank of Omaha and Caterpillar Financial Corporation (Fil. #244). Robert Lepp appeared for First National Bank of Omaha; Kim Hawekotte appeared for Douglas County, Nebraska; and Richard Garden, Jr., appeared for Caterpillar Financial Corporation.

  Douglas County seeks to amend a response to a request for admission in this case. The sole issue in the adversary proceeding is whether Douglas County "assessed" liability for personal property taxes to Earl Brice Equipment, L.L.C. ("Earl Brice"). As part of the discovery undertaken in the case, counsel for Caterpillar Financial Services Corporation requested from the Douglas County Assessor a "certificate of assessment" for Earl Brice. A supervisor in the assessor's office responded with a fax transmission stating in part, "There are no assessments for Earl Brice Equipment." (Fil. #201).

  Douglas County now wants to clarify that the supervisor's faxed comments do not constitute a certificate of assessment, which must meet certain statutory requirements.

> It shall be the duty of the county assessor, when required by any person, to give a certificate of assessment of tangible personal property showing the amount, kind, location, and net book value of property assessed, and such certificate shall be evidence of the legal assessment of such property for the year.

Neb. Rev. Stat. Ann. § 77-1219 (LexisNexis 2006).

Douglas County's counsel made clear at the hearing on this motion that Douglas County is not disavowing the veracity of the statement, only that it is insufficient as evidence of legal assessment. The faxed comments were prepared without benefit of legal counsel; the supervisor appears to simply have responded with an answer that the county records do not show any tax liability for Earl Brice. The response does not consider the legal ramifications here of using the term "assessed."

By separate order today, Douglas County's motion for summary judgment on the issue of whether it holds a tax lien in the proceeds of the sale of Earl Brice assets was denied. Other evidence supported that decision; documentary evidence of Douglas County's tax records – which buttress the factual statement made in the fax – was considered. While the fax and its attached copy of the assessor's computer screen print-out for the Earl Brice account showing zero value and zero tax for 2002 through 2005 appear to contain all of the statutorily required information to constitute a certificate of assessment, it was not given such weight in the final analysis.

IT IS ORDERED: To the extent of finding that the May 26, 2005, fax response from Lynn Jakub to Richard Garden, Jr. (Fil. #201) is not a statutory certificate of assessment, Douglas County's motion to amend its response to a request for admission (Fil. #182) is granted. The motion is denied in all other respects.

DATED:	October 9, 2007

BY THE COURT:

 /s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
	*Douglas County Attorney
	Robert Lepp
	Richard Garden, Jr.,
	U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.